IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ROBERTO L. ZAPATA,

        Plaintiff,

v.                                 CIV 09-0140 KBM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.


# MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Roberto L. Zapata's motion to reverse the Commissioner's decision denying him Supplemental Security Income ("SSI") benefits, or, in the alternative, remand the case for a rehearing.  *Doc. 17-2.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment.  *See Docs. 4, 7.*  The entire record has been meticulously reviewed.  *See, e.g., Grogan v. Barnhart,* 399 F.3d 1257, 1262 (10th Cir. 2005).  For the reasons set forth below, Plaintiff's motion is granted and the matter is remanded to the Commissioner for further proceedings.

## Background

Plaintiff is a 53-year old male with an eleventh-grade education. *See Administrative Record (Record)* at 526. Plaintiff has held various jobs, including most recently that of a farm laborer and a sweeper driver at a pecan orchard. *Id.* at 70. Plaintiff has not worked since 2005 when he re-injured his knee in a job-related accident. *Id.* at 69. Plaintiff has a history of knee problems. He previously applied for SSI and was denied. *See id.* at 37, 42, 44.

Plaintiff's January 4, 2006 SSI application is at issue in this case. The application alleges an inability to work since November 29, 2005 due to knee injuries, back problems, diabetes, a left wrist problem, vision difficulties, a heart condition, and headaches. *See Record* at 188; *see also Doc. 17-2* at 2. On May 25, 2006, Plaintiff's application was denied. On July 11, 2006, Plaintiff filed a request for reconsideration, which was denied on September 22, 2006. On November 21, 2006, Plaintiff requested a hearing before an ALJ.

On January 14, 2008, a video hearing was held before ALJ Barbara Perkins. *See Record* at 13. Plaintiff appeared in El Paso, Texas, with his attorney Richard Fischer. ALJ Perkins presided over the hearing from Albuquerque, New Mexico. At the hearing, Plaintiff's alleged onset date was amended from November 29, 2005 to June 15, 2006. *See Record* at 527.

On June 27, 2008, the ALJ issued an unfavorable decision denying Plaintiff SSI.  The ALJ concluded that Plaintiff has not been under a disability within the meaning of the Social Security Act since June 15, 2006.  *Record* at 13.  In reaching her conclusion, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 4, 2006, the date of his application.  At step two, the ALJ determined that Plaintiff had the following severe impairments: bilateral knee degenerative changes, residuals from upper extremity fractures, diabetes, and lumbar disc bulge.  *Id.* at 15.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.  At step four, the ALJ determined that Plaintiff has the RFC to perform a limited range of "light" work.  The ALJ further found that Plaintiff is unable to perform his past relevant work, and that considering his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy which Plaintiff can perform.

On August 28, 2008, Plaintiff requested review of the ALJ's decision.  The Appeals Council denied review on December 5, 2008, thereby making the ALJ's decision final.  *See Record* at 3; *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) ("Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal.").

3

Standard Of Review

If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and Plaintiff is not entitled to relief.  *See Hackett v. Barnhart,* 395 F.3d 1168, 1172 (10th Cir. 2005).  A deficiency in either area is independent grounds for relief.  *See Hamlin v. Barnhart,* 365 F.3d 1208, 1214 (10th Cir. 2004).  "'Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (quoting *Grogan,* 399 F.3d at 1261-62).  I can neither reweigh the evidence nor substitute my judgment for that of the agency.  *Hamlin*, 365 F.3d at 1214; *see also Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004).  Thus,

> "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." . . .  We may not "displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."

*Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.,* 372 F.3d 1195, 1200 (10th Cir. 2004)).

The Sequential Evaluation Process

"To qualify for disability benefits, a claimant must establish a severe physical

4

or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)(1)(A)). The Social Security Administration ("SSA") employs a "five-step sequential evaluation process to determine disability." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). "If at any step in the process the Secretary determines that the claimant is disabled or is not disabled, the evaluation ends." *Thompson*, 987 F.2d at 1486.

At step one of the process, the claimant must show that he is not working at a substantial gainful activity. *See* 20 C.F.R. § 404.1520(b). At step two, the claimant must show that he has a severe medically determinable physical or mental impairment or combination of impairments which significantly limit his ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). At step three, the claimant must show that he has an impairment that meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that it meets the duration requirement. *See* 20 C.F.R. §§ 1520(d), 404.1525, and 404.1526. If the claimant has an impairment that meets or equals one of the listed impairments and the duration requirement, he will be found disabled. If not, the analysis proceeds to step four. At step four, the ALJ must assess and determine the claimants residual

5

functional capacity ("RFC") and consider, in light of this RFC, whether the claimant can still do his past relevant work. *See* 20 C.F.R. § 404.1520(e). At the fifth and final step, the burden shifts to the Commissioner who must show that the claimant is capable of performing "an alternative job that is available in the national economy in light of the claimant's age, education, and work experience." *Madron v. Astrue*, 311 F. App'x 170, 175 (10th Cir. 2009) (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

## Analysis

In his motion, Plaintiff asserts that the ALJ erred (I) at step two, in finding that Plaintiff's diabetic neuropathy is not a "severe" impairment; (ii) at step four, in finding that Plaintiff had the RFC for light work; and (iii) at step four, in failing to provide specific reasons for her credibility determination. *Doc. 17-2.*

## A. Severe Impairment

Plaintiff first asserts that the ALJ erred at step two of the sequential evaluation process in finding that his diabetic neuropathy is not a "severe" impairment. Specifically, Plaintiff contends that "the ALJ committed legal error in her failure to apply and follow the *de minimis* standard to her determination of

whether the Plaintiff's diabetic neuropathy constituted a severe impairment."[1]  *Doc. 17-2* at 8.

The burden is on the Plaintiff at step two to show that he has a severe medically determinable physical or mental impairment or combination of impairments which significantly limit his ability to do basic work activities.  *See* 20 C.F.R. § 404.1520(c).

> The step two severity determination is based on medical factors alone, and "does not include consideration of such vocational factors as age, education, and work experience."  *Williams*, 844 F.2d at 750.  We have characterized this showing as "de minimis," but the mere presence of a condition is not sufficient to make a step-two showing.  *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997); *and see* SSR 85-28, 1985 WL 56856, at *3 (providing that a step-two finding of "non-severe" impairment is only to be made where "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered").  In determining whether a severe impairment exists, the Commissioner considers the "effect" of the impairment.  20 C.F.R. § 416.920(a).

*Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003).

---

[1] The ALJ does not follow a *de minimis* standard, rather, it is "the claimant [who] must make a 'de minimis' showing that his impairment or combination of impairments is medically severe."  *Aragon v. Astrue*, 246 F. App'x 546, 548 (10th Cir. 2007) (citing *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997)).

On Plaintiff's initial application for SSI, he never alleges inability to work based on "diabetic neuropathy."  Rather, Plaintiff alleges diabetes.  Although Plaintiff never specified diabetic neuropathy as a condition causing an inability to work, evidence of this condition was contained throughout the Administrative Record and he raised the issue on appeal.  *See Record* at 509-11; *see also Chambers v. Barnhart*, 389 F.3d 1139 (10th Cir. 2004) (holding that evidence submitted directly to Appeals Council after adverse determination by ALJ becomes part of record in Social Security disability benefits case).  It is apparent from the record that Plaintiff's diabetic neuropathy was brought to the ALJ's attention.

"[A]n ALJ is required to consider all of the claimant's medically determinable impairments, singly and in combination; the statute and regulations require nothing less."  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) (citing 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 416.920(a), 416.923, 416.945).  "Further, the failure to consider all of the impairments is reversible error."  *Id.* (citing *Langley*, 373 F.3d at 1123-24).

The record contains medical evidence supporting a diagnosis of diabetic neuropathy.  During his consultative exam, Dr. Pastrana noted a decreased sensation to the touch over Plaintiff's toes on his right foot.  *Record* at 204.  Under the section "overall impressions," Dr. Pastrana stated "[d]iabetes mellitus, type 2,

with symptoms of peripheral neuropathy." *Id.* In addition, on March 23, 2007, Plaintiff presented to the Ben Archer Health Center with complaints of knee pain, increased back pain, as well as numbness and inability to walk. *Record* at 177. The medical records from this visit state diabetic neuropathy and Plaintiff was prescribed Gabapentin. *Id.* Furthermore, during the hearing Plaintiff reported numbness in his feet. *See Record* at 544.

A claimant establishes a "severe" impairment if he shows that a "medically determinable" impairment has "more than a minimal effect" and "significantly" interferes with "basic work activities." *See* 20 C.F.R. § 404.1520(c); *see also Williams*, 844 F.2d at 750-51. Basic work activities include walking, standing, sitting, ability to follow instructions, and use of judgment. *Id.* A decreased sensation in one's toes causing, at times, an inability to walk, is evidence that Plaintiff's condition interferes with the basic work activities of walking and standing. Medical records documenting such, and a diabetic neuropathy diagnosis, establish this condition.

The ALJ failed to list diabetic neuropathy among Plaintiff's severe impairments at step two of the sequential evaluation process, and did not discuss any of the evidence cited above which concerned Plaintiff's condition. It is apparent that the ALJ did not account for, or even mention, Plaintiff's diabetic

neuropathy at any step of her analysis.  As such, the Court finds that the ALJ

committed legal error by failing to consider Plaintiff's diabetic neuropathy at step

two.  Accordingly, the Court remands the matter for further proceedings.

B.  Residual Functional Capacity

Plaintiff contends that the ALJ's light work RFC finding at step four, is not

supported by substantial evidence.  The ALJ must "consider the combined effect of

all of [the claimant's] impairments without regard to whether any such impairment,

if considered separately, would be of sufficient severity."  20 C.F.R. § 404.1523.  "If

the claimant's combined impairments are medically severe, the Commissioner must

consider 'the combined impact of the impairments . . . throughout the disability

determination process.'"  *Langley*, 373 F.3d at 1124 (citing 20 C.F.R. § 404.1523);

*see Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)(if one severe impairment

exists, all medically determinable impairments must be considered in the remaining

steps of the sequential analysis).

As stated *supra*, the ALJ did not consider Plaintiff's diabetic neuropathy at

step two, or any step of her evaluation.  Consequently, the ALJ did not consider

Plaintiff's diabetic neuropathy in determining Plaintiff's RFC at step four.

> In assessing RFC, the adjudicator must consider
> limitations and restrictions imposed by all of an
> individual's impairments, even those that are not

"severe."  While a "not-severe" impairment(s) standing
alone may not significantly limit an individual's ability to
do basic work activities, it may – when considered with
limitations or restrictions due to other impairments – be
critical to the outcome of a claim.

Social Security Ruling 96-8p, 1996 WL 374184, at *5.  For this reason alone and

without addressing Plaintiff's more specific arguments regarding his RFC, the Court

concludes that the ALJ's RFC assessment was not based on substantial evidence.

C.  Credibility Determination

Plaintiff asserts that the ALJ erred at step four in failing to detail reasons for

her credibility determination and argues that the ALJ gave no specific rationale for

the her determination with regard to Plaintiff's allegations of significant difficulty

walking and standing.  "Credibility determinations are peculiarly the province of

the finder of fact, and we will not upset such determinations when supported by

substantial evidence."  *Hackett*, 395 F.3d at 1173 (quoting *Diaz v. Sec'y of Health &*

*Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)).  An ALJ's credibility findings

"should be closely and affirmatively linked to substantial evidence and not just a

conclusion in the guise of findings."  *Id.* (quoting *Huston [v. Bowen]*, 838 F.2d

[1125,] 1133 [(10th Cir. 1988)] (footnote omitted)).  In evaluating Plaintiff's

credibility, the ALJ must set forth specific evidence she relies on, however, this

"does not require a formalistic factor-by-factor recitation of the evidence."  *Qualls*

11

*v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

In making her credibility determination, the ALJ stated that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." *Record* at 16. As discussed *supra*, the ALJ's assessment of Plaintiff's RFC was not supported by substantial evidence. Thus, while the Court finds that the ALJ did provide specific reasons for her credibility determination,[2] the ALJ's finding that Plaintiff is not credible "to the extent" that his statements are inconsistent with the RFC assessment is flawed. For this reason, remand is appropriate.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's motion is granted, and the matter is remanded to the Commissioner for further proceedings. On remand the ALJ should properly consider Plaintiff's diabetic neuropathy at step two, and the

---

[2] For example, the ALJ pointed to Plaintiff's daily activities which include doing yard work, walking, cooking, driving, shopping, and visiting. *See Record* at 16. The ALJ stated that Plaintiff "has reported headaches but has received no focused treatment for such." *Id.* at 17. The ALJ also stated that she found no indication in the record that Plaintiff's knee surgery was not successful. *Id.* Furthermore, the ALJ stated that Plaintiff "only recently began treatment for his diabetes but has developed no significant complications relating to this condition." *Id.* The ALJ considered Dr. Leatherwood's note, offering that Plaintiff was unable to work for any length of time, but afforded it little weight "as it is conclusory and inconsistent with the evidence as a whole." *Id.*

combined effects of all of Plaintiff's impairments throughout the disability

determination.   A final order will be entered concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.

13